IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| SHERWIN WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:25-CV-00207-H-BU |
| CHAD HUMPHREY, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sherwin Williams brings this action against Chad Humphrey and FNU Leen (collectively, "the Defendants"), alleging that they violated his constitutional rights. Dkt. No. 1. For the reasons below, the Court should dismiss Williams's claims against all Defendants for failure to prosecute.

**I.  JURISDICTION**

Williams brings his constitutional claims against federal actors under *Bivens*, granting this Court subject-matter jurisdiction under 28 U.S.C. § 1331. Dkt. No. 1. Venue is proper in the Northern District of Texas, Abilene Division, because Williams's claims arise from his incarceration at FCI Big Springs in Howard County, Texas. 28 U.S.C. § 1391(b)(2). The undersigned has the authority to enter these Findings, Conclusions, and Recommendations after United States District Court Judge James Wesley Hendrix referred Williams's case to the undersigned for pretrial management. Dkt. No. 6; 28 U.S.C. § 636(b)(1). Williams has not consented to the undersigned exercising the full jurisdiction

1

of this Court.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Williams filed his Complaint on October 6, 2025, alleging that the Defendants allowed toxic mold growth at Big Spring that caused him to contract meningitis.[1] Dkt. No. 1. Williams was represented by Solomon M. Radner of Radner Law Group, PLLC. Dkt. No. 1. Shortly after the case was transferred to this Court, Mr. Radner filed a Motion to Appear as Lead Counsel without Local Counsel. Dkt. Nos. 7–8. In the motion, Mr. Radner explained that he would be unable to apply for full admission in the Northern District of Texas because he could not identify local counsel who would sponsor him. Dkt. No. 8 at 2–5. The Court denied the motion on Oct. 28, 2025, noting that he could apply for admission *pro hac vice* (PHV) rather than seek full admission. Dkt. No. 9.

Mr. Radner did not apply for full or PHV admission throughout November. On December 1, 2025, the Court then entered a Notice of Deficiency notifying Mr. Radner of his lack of bar admission and requiring him to apply for admission by December 15, 2025. Dkt. No. 10. Mr. Radner filed an application for admission to proceed PHV, but failed to identify valid local counsel in accordance with the Court's local rules. Dkt. Nos. 11–13. The Court entered a second Notice of Deficiency on December 29, 2025, ordering Mr. Radner to supplement his application by identifying local counsel. Dkt. No. 13.

Mr. Radner instead filed a Motion to Withdraw, which was granted by the Court on February 5, 2026. Dkt. Nos. 14–15. On the same day, Williams was ordered to file a Notice

---

[1] Williams initially filed in the Midland/Odessa Division, but his case was transferred to the Abilene Division on October 9, 2025. Dkt. Nos. 1–4.

of Intent with the Court by March 5, 2026, indicating whether he intended to proceed pro se or be represented by other counsel. Dkt. No. 16. Williams did not file a notice of intent. On March 16, 2026, the Court then entered a Show Cause Order giving Williams until March 27, 2026, to file the notice of intent. Dkt. No. 17. Williams was cautioned that failure to respond would result in dismissal of his case for lack of prosecution. *Id.* As of the date of this FCR, Williams has not filed a notice of intent.

### III.  ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action sua sponte for failure to comply with court orders or for failure to prosecute. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A Rule 41(b) dismissal may be with or without prejudice, but dismissal with prejudice is appropriate only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness" and "the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

The undersigned concludes that it is appropriate to dismiss Williams's case for lack of prosecution. There is no indication that the Defendants have been served; since Mr. Radner's withdrawal, Williams has not communicated with the Court or complied with any of the Court's orders. Thus, dismissal of his case is appropriate. Because there is no indication that Williams's failure to comply arose from purposeful delay or contumaciousness,

3

the undersigned recommends that Williams's case be dismissed without prejudice.

## IV.  CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court DISMISS Williams's claims against all defendants without prejudice for lack of prosecution.

## V.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 9th day of April 2026.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE